Justin M. Swartz*
Christopher M. McNerney*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: jms@outtengolden.com
E-mail: cmcnerney@outtengolden.com

Gregg Shavitz*
Camar Jones*
SHAVITZ LAW GROUP, P.A.
951 Yamato Rd, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
E-mail: gshavitz@shavitzlaw.com
E-mail: cjones@shavitzlaw.com

Mikael A. Rojas*
OUTTEN & GOLDEN LLP
601 Massachusetts Ave NW
Suite 200W
Washington, D.C. 20001
Telephone: (202) 847-4400
Facsimile: (202) 847-4010
E-mail: mrojas@outtengolden.com

Drew Legando (0084209)
MERRIMAN LEGANDO WILLIAMS &
KLANG, LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
Telephone: (216) 522-9000
Facsimile: (216) 522-9007
E-mail: drew@merrimanlegal.com

*Attorneys for Plaintiffs and the putative Collective and Classes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## CINCINNATI DIVISION

| | |
|---|---|
| MICHAEL HAFLEY and CHRISTOPHER MCCAW, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> AMTEL, LLC, <br><br> Defendant. | Case No. 1:21-cv-00203 <br><br> **COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

Plaintiffs Michael Hafley ("Hafley") and Christopher McCaw ("McCaw"), (collectively

"Plaintiffs"), file this Collective and Class Action Complaint and Jury Demand against

Defendant, Amtel, LLC ("Defendant" or "Amtel") seeking all relief available under the Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") on behalf of themselves and all current and former overtime exempt-classified Store Managers ("SMs") who worked at any of Defendant's locations in the United States.

Plaintiffs also seek relief under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), §§ O.R.C. § 4111.03 *et seq.*, the Ohio Prompt Pay Act ("OPPA"), §§ O.R.C. § 4113.15 *et seq.* (the Ohio statutes are referred to together as the "Ohio Wage Laws"), and the Kentucky Wage Laws, K.R.S. §§ 337.010 *et seq.* (the "Kentucky Wage Laws"), pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and current and former overtime exempt-classified SMs who worked at any of Amtel's locations in Ohio or Kentucky. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Amtel nationwide who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, ("FLSA") and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations by Defendant of the wage and hour provisions of the FLSA that have deprived Plaintiffs and other similarly situated workers of their lawfully earned wages.

2.     Plaintiff Hafley also brings this action to recover unpaid overtime compensation for himself and similarly situated Ohio employees as a Fed. R. Civ. P. 23 class action under OMFWSA, O.R.C. §§ 4111.03 *et seq.*, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. §§ 4113.15 *et seq.* (the Ohio statutes are referred to together as the "Ohio Wage Laws").

3.     Plaintiff McCaw also brings this action to recover unpaid overtime compensation

for himself and similarly situated Kentucky employees as a Fed. R. Civ. P. 23 class action under the Kentucky Wage Laws, K.R.S. §§ 337.010 *et seq.*

4.     Plaintiff McCaw further brings this action to recover damages for himself and similarly situated Kentucky employees for Amtel's failure to provide required meal breaks under K.R.S § 337.355 and required rest breaks under K.R.S. § 337.365.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

6.     Defendant is subject to personal jurisdiction in the Southern District of Ohio.

7.     Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

### Plaintiff Michael Hafley

1.     Plaintiff Michael Hafley is an adult individual residing in Cleves, Ohio.

2.     Defendant employed Plaintiff Hafley as a SM from on or about October 1, 2015 until on or about May 31, 2019 at an Amtel location in Cincinnati, Ohio.

3.     Plaintiff Hafley's written consent to join this action is attached hereto as Exhibit "A."

### Plaintiff Christopher McCaw

4.     Plaintiff Christopher McCaw is an adult individual residing in Walton, Kentucky.

5.     Defendant employed Plaintiff McCaw as an SM at an Amtel location in Cincinnati, Ohio from on or about March 1, 2018, to on or about December 31, 2018.

6.     Thereafter, from on or about January 1, 2019, Defendant employed Plaintiff McCaw as an SM until on or about May 6, 2019 at an Amtel location in Florence, Kentucky.

3

7.     Plaintiff McCaw's written consent to join this action is attached hereto as Exhibit "B."

### Defendant Amtel LLC

8.     Defendant Amtel LLC is one of the largest and fastest growing wireless retailers in the nation.[1]

9.     With up to 5,000 employees,[2] Defendant operates approximately 214 T-Mobile retail locations nationwide.[3]

10.     Throughout the relevant period, Defendant employed Plaintiffs and other SMs within the meaning of the FLSA, the Ohio Wage Laws, and the Kentucky Wage Laws.

11.     Defendant had substantial control over Plaintiffs' and other SMs' working conditions and the unlawful policies and practices alleged herein.

12.     At all times relevant, Defendant maintained control, oversight, and direction over Plaintiffs and other SMs, including timekeeping, payroll, and other employment practices and procedures that applied to them.

13.     Defendant applied the same employment policies, practices, and procedures to all SMs.

14.     At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

15.     At all times relevant, Defendant has been an enterprise, within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16.     At all times relevant, Defendant was an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in

---

[1] https://www.indeed.com/cmp/Amtel,-LLC
[2] https://www.linkedin.com/company/amtel-llc/about/
[3] https://myamtel.com/find-a-location-near-you

or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

17.     At all times relevant, Plaintiffs and all similarly situated SMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18.     Defendant issued paychecks to Plaintiffs and all similarly situated SMs during their employment.

19.     Plaintiff and similarly situated SMs worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the FLSA, the Ohio Wage Laws, or the Kentucky Wage Laws.

20.     Pursuant to Defendant's policy and pattern or practice, Defendant did not pay Plaintiffs and other similarly situated SMs proper overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

21.     In the First Cause of Action, pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant as SMs, as well as other similarly situated current and former employees working in comparable positions but different titles, at any time from three years prior to the filing of this Collective and Class Action Complaint to the entry of judgment in this case (the "Putative SM Collective").

22.     Defendant is liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiffs and the members of the Putative SM Collective.

23.     There are numerous similarly situated current and former SMs who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the Putative SM Collective pursuant to 29 U.S.C. § 216(b).

24.     Similarly situated employees are known to the Defendant, readily identifiable, and can be located through Defendant's records.

25.     Plaintiffs and the members of the Putative SM Collective, all of whom regularly

worked more than forty (40) hours in a workweek, were employed as SMs by Defendant.

26.     Defendant failed to pay Plaintiffs and the members of the Putative SM Collective overtime compensation for the hours they worked over forty (40) in a workweek.

27.     Defendant failed to keep accurate records of all hours worked by Plaintiffs and the members of the Putative SM Collective.

28.     Throughout the relevant period, it has been Defendant's policy, pattern, or practice to require, suffer, or permit Plaintiffs and the members of the Putative SM Collective to work in excess of forty (40) hours per workweek without paying them overtime wages for all overtime hours worked.

29.     Defendant assigned the work that Plaintiffs and the members of the Putative SM Collective have performed, or Defendant was aware of the work they performed.

30.     The work performed by Plaintiffs and the members of the Putative SM Collective constitutes compensable work time under the FLSA and was not preliminary, postliminary, or *de minimus*.

31.     Defendant intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiffs and the members of the Putative SM Collective.  This policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendant's corporate headquarters.  This policy, pattern, or practice includes but is not limited to:

> a.  willfully failing to record all the time Plaintiffs and the members of the Putative SM Collective have worked for the benefit of Defendant;
>
> b.  willfully failing to keep accurate time records as required by the FLSA;
>
> c.   willfully failing to classify Plaintiff and members of the Putative SM Collective as non-exempt employees entitled to overtime compensation;
>
> d.  willfully failing to pay Plaintiffs and the members of the Putative SM Collective wages for all hours worked including overtime wages for hours in excess of forty (40) hours per workweek.

32.     Defendant is aware, or should have been aware, that the FLSA requires them to pay Plaintiffs and the members of the Putative SM Collective an overtime premium for hours worked in excess of forty (40) hours per workweek.

## OHIO CLASS ACTION ALLEGATIONS

33.     Plaintiff Hafley and brings the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of persons consisting of all persons who have worked for Defendant as SMs, or in comparable positions with different titles, in the State of Ohio (the "Ohio Class") at any time between the date two years prior to the filing of this Complaint and the date of final judgment in this matter (the "Ohio Class Period").

34.     Excluded from the Ohio Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Ohio Class.

35.     The persons in the Ohio Class identified above are so numerous that joinder of all members is impracticable.  The precise number of such persons is not known to Plaintiffs, and the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

36.     Upon information and belief, the size of the Ohio Class is at least 50 workers.

37.     The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) and/or (c)(4).  Defendant acted or refused to act on grounds generally applicable to the Ohio Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Ohio Class as a whole.

38.     The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) and/or (c)(4).  There are questions of law and fact common to the Ohio Class that predominate over any questions solely affecting individual members of the Ohio Class, including but not limited to:

7

    a.   whether Defendant failed and/or refused to pay Plaintiff and the Ohio Class for all hours worked in violation of the Ohio Wage Laws;

    b.   whether Defendant failed and/or refused to pay Plaintiff and the Ohio Class overtime pay for hours worked in excess of forty (40) hours per workweek within the meaning of the Ohio Wage Laws;

    c.   the nature and extent of Ohio Class-wide injury and the appropriate measure of damages for the Ohio Class;

    d.   whether Defendant had a policy of failing to pay workers for time that they work;

    e.   whether Defendant properly classified Plaintiff and the Ohio class as exempt from overtime;

    f.   whether Defendant failed to compensate Plaintiff and the Ohio Class for all work Defendant required and/or suffered or permitted them to perform; and

    g.   whether Defendant correctly calculated and compensated Plaintiff and the Ohio Class for hours worked in excess of forty (40) per workweek.

39.    Plaintiff Hafley's claims are typical of the claims the Ohio Class sought to be represented. Plaintiff Hafley and the other Ohio Class members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of forty (40) hours per workweek. Defendant acted and refused to act on grounds generally applicable to the Ohio Class, thereby making injunctive and/or declaratory relief with respect to the Ohio Class appropriate.

40.    Plaintiff Hafley will fairly and adequately represent and protect the interests of the Ohio Class. Plaintiffs Hafley understands that as class representatives he assumes a fiduciary responsibility to the Ohio Class to represent its interests fairly and adequately. Plaintiffs Hafley recognizes that a class representative must represent and consider the interests of the Ohio Class just as one would represent and consider one's own interests. Plaintiffs Hafley understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor

one's own interests over those of the Ohio Class. Plaintiffs Hafley recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Ohio Class. Plaintiffs Hafley understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required in a deposition and in trial.

41.     Plaintiffs Hafley has retained counsel competent and experienced in class action employment litigation.

42.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Ohio Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Ohio Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

43.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2), 23(b)(3), and/or 23(c)(4).

### KENTUCKY OVERTIME CLASS ACTION ALLEGATIONS

44.     Plaintiff McCaw brings the Third Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of persons consisting of all persons who have worked for Defendant as SMs, or in comparable positions with different titles, in the State of Kentucky (the "Kentucky Overtime Class") at any time between the date five years prior to the filing of this Complaint and the date of final judgment in this matter (the "Kentucky Class Period").

45.     Excluded from the Kentucky Overtime Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Kentucky Overtime Class.

46.     The persons in the Kentucky Overtime Class identified above are so numerous that joinder of all members is impracticable.  The precise number of such persons is not known to Plaintiff McCaw, and the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

47.     Upon information and belief, the size of the Kentucky Overtime Class is at least 50 workers.

48.     The Third Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) and/or (c)(4).  Defendant acted or refused to act on grounds generally applicable to the Kentucky Overtime Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Kentucky Overtime Class as a whole.

49.     The Third Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) and/or (c)(4).  There are questions of law and fact common to the Kentucky Overtime Class that predominate over any questions solely affecting individual members of the Kentucky Overtime Class, including but not limited to:

> a.  whether Defendant failed and/or refused to pay Plaintiff McCaw and the Kentucky Overtime Class for all hours worked in violation of the Kentucky Wage Laws;
>
> b.  whether Defendant failed and/or refused to pay Plaintiffs McCaw and the Kentucky Overtime Class overtime pay for hours worked in excess of forty (40) hours per workweek within the meaning of the Kentucky Wage Laws;

10

    c.   the nature and extent of Kentucky Overtime Class-wide injury and the appropriate measure of damages for the Kentucky Overtime Class;

    d.   whether Defendant had a policy of failing to pay workers for time that they work;

    e.   whether Defendant properly classified Plaintiff McCaw and the Kentucky Overtime Class as exempt from overtime; and

    f.   whether Defendant failed to compensate Plaintiff McCaw and the Kentucky Overtime Class for all work Defendant required and/or suffered or permitted them to perform; and

    g.   whether Defendant correctly calculated and compensated Plaintiffs and the Kentucky Overtime Class for hours worked in excess of forty (40) per workweek.

50.    Plaintiff McCaw's claims are typical of the claims the Kentucky Overtime Class sought to be represented. Plaintiff McCaw and the other Kentucky Overtime Class members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of forty (40) hours per workweek. Defendant acted and refused to act on grounds generally applicable to the Kentucky Overtime Class, thereby making injunctive and/or declaratory relief with respect to the Kentucky Overtime Class appropriate.

51.    Plaintiff McCaw will fairly and adequately represent and protect the interests of the Kentucky Overtime Class. Plaintiff McCaw understands that, as a class representative, he assumes a fiduciary responsibility to the Kentucky Overtime Class to represent its interests fairly and adequately. Plaintiff McCaw recognizes that, as a class representative, one must represent and consider the interests of the Kentucky Overtime Class just as one would represent and consider one's own interests. Plaintiff McCaw understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the Kentucky Overtime Class. Plaintiff McCaw recognizes that any resolution of a class

11

action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Kentucky Overtime Class. Plaintiff McCaw understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required in a deposition and in trial.

52. Plaintiff McCaw has retained counsel competent and experienced in class action employment litigation.

53. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Kentucky Overtime Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Kentucky Overtime Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

54. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2), 23(b)(3), and/or 23(c)(4).

**KENTUCKY MEAL AND REST BREAK CLASS ACTION ALLEGATIONS**

55. Plaintiff McCaw brings the Fourth Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of persons consisting of all persons who have worked for Defendant as SMs, or in comparable positions with different titles, in the State of Kentucky (the "Kentucky Meal and Rest Break Class") at any time between the date five years prior to the filing of this Complaint and the date of final judgment in this matter (the "Kentucky Class Period").

56. Excluded from the Kentucky Meal and Rest Break Class are Defendant's legal

representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Kentucky Meal and Rest Break Class.

57.     The persons in the Kentucky Meal and Rest Break Class identified above are so numerous that joinder of all members is impracticable.  The precise number of such persons is not known to Plaintiff McCaw, and the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

58.     Upon information and belief, the size of the Kentucky Meal and Rest Break Class is at least 50 workers.

59.     The Fourth Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) and/or (c)(4).  Defendant acted or refused to act on grounds generally applicable to the Kentucky Meal and Rest Break Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Kentucky Meal and Rest Break Class as a whole.

60.     The Fourth Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) and/or (c)(4).  There are questions of law and fact common to the Kentucky Meal and Rest Break Class that predominate over any questions solely affecting individual members of the Kentucky Meal and Rest Break Class, including but not limited to:

> a.   whether Amtel failed to provide Plaintiff McCaw and the Kentucky Meal and Rest Break Class with all required meal breaks under § K.R.S § 337.355;
>
> b.   whether Amtel failed to provide Plaintiff McCaw and the Kentucky Meal and Rest Break Class with all required rest breaks under K.R.S. § 337.365;
>
> c.   the nature and extent of Kentucky Meal and Rest Break Class-wide injury and the appropriate measure of damages for the Kentucky Meal and Rest Break

Class;

61. Plaintiff McCaw's claims are typical of the claims the Kentucky Meal and Rest Break Class sought to be represented. Plaintiff McCaw and the other Kentucky Meal and Rest Break Class members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to provide meal and rest breaks as required under the Kentucky Wage Laws. Defendant acted and refused to act on grounds generally applicable to the Kentucky Meal and Rest Break Class, thereby making injunctive and/or declaratory relief with respect to the Kentucky Meal and Rest Break Class appropriate.

62. Plaintiff McCaw will fairly and adequately represent and protect the interests of the Kentucky Meal and Rest Break Class. Plaintiff McCaw understands that, as a class representative, he assumes a fiduciary responsibility to the Kentucky Meal and Rest Break Class to represent its interests fairly and adequately. Plaintiff McCaw recognizes that, as a class representative, one must represent and consider the interests of the Kentucky Meal and Rest Break Class just as one would represent and consider one's own interests. Plaintiff McCaw understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the Kentucky Meal and Rest Break Class. Plaintiff McCaw recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Kentucky Meal and Rest Break Class. Plaintiff McCaw understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required in a deposition and in trial.

63. Plaintiff McCaw has retained counsel competent and experienced in class action employment litigation.

64. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a

14

lawsuit in federal court against a corporate defendant. The members of the Kentucky Meal and Rest Break Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Kentucky Meal and Rest Break Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

65.　　This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2), 23(b)(3), and/or 23(c)(4).

## COMMON FACTUAL ALLEGATIONS

66.　　Consistent with Defendant's policy, pattern, or practice, Plaintiffs and the members of the Putative SM Collective, Ohio Class, and Kentucky Overtime Class regularly worked in excess of forty (40) hours per workweek without being paid overtime wages.

67.　　All members of the Putative SM Collective, Ohio Class, and Kentucky Overtime Class primarily performed the same or substantially similar job duties.

68.　　The primary duties that the Plaintiffs and other SMs regularly performed include, but are not limited to:

　　a. selling phones,

　　b. helping customers,

　　c. stocking,

　　d. troubleshooting phones,

　　e. answering calls,

　　f. cleaning, and

　　g. cold-calling customers.

69.　　Plaintiffs' and the other SM's primary job duties did not include:

　　a. hiring,

　　b. promotion,

    c.  firing,

    d.  setting rates of pay, or

    e.  disciplining other employees.

70.    Plaintiffs' and the other SMs' primary duties did not differ substantially from the duties of non-exempt hourly-paid employees.

71.    Plaintiffs and the other SMs did not exercise a meaningful degree of independent discretion with respect to the performance of their duties.

72.    Plaintiffs' and the other SMs' primary duties were customer service related.

73.    Customer service occupied the majority of the Plaintiffs' and the other SMs' working hours.

74.    Pursuant to a centralized, company-wide policy, pattern, and practice, Defendant classified all SMs as exempt from coverage by the overtime provisions of the FLSA, Ohio Wage Laws, the Kentucky Wage Laws, and applicable state laws.

75.    Upon information and belief, Defendant did not perform a person-by-person analysis of every SM's job duties when making the decision to classify all of them as exempt from the FLSA's, Ohio Wage Laws', and Kentucky Wage Laws' overtime protections, as well as the protections of other applicable state laws.

76.    Upon information and belief, Defendant's unlawful conduct described in this Collective and Class Action Complaint is pursuant to a corporate policy or practice which minimizes labor costs by violating the FLSA, Ohio Wage Laws, and Kentucky Wage Laws.

77.    Defendant's failure to pay overtime wages for work performed by the Putative FLSA Collective, the Ohio Class, and the Kentucky Overtime Class in excess of forty (40) hours per workweek was willful.

78.    Further, specific to the Kentucky Meal and Rest Break Class, and consistent with Defendant's policy, pattern, or practice, Plaintiff McCaw and members of the Kentucky Meal and Rest Break Class were regularly required to work more than four hours without a ten minute rest period and for more than five hours without a reasonable meal period.

79. Defendant's failure to provide meal and rest periods was not due to the terms of a collective bargaining agreement.

80. Defendant is not excepted from the Kentucky meal and rest period requirements under the Federal Railway Labor Act.

81. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Unpaid Overtime Wages
### (On behalf of Plaintiffs and the Putative SM Collective)

82. Plaintiffs and the members of the Putative SM Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

83. Defendant engaged in a widespread pattern and practice of violating the FLSA as detailed in this Collective and Class Action Complaint.

84. Plaintiffs consented in writing to be parties to this action pursuant to 29 U.S.C § 216(b).

85. The Plaintiffs' written consent forms are being filed with this Collective and Class Action Complaint. (Exs. A, B).

86. At all relevant times, Plaintiffs and the members of the Putative SM Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

87. The overtime wage provision set forth in 29 U.S.C. §§ 201 *et seq.* apply to the Defendant.

88. The Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

89. At all times relevant, Plaintiffs and the members of the Putative SM Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

90. The Defendant failed to pay Plaintiffs and other similarly situated members of the Putative SM Collective the overtime wages to which they were entitled under the FLSA.

91.     Defendant's violations of the FLSA, as described in this Collective and Class Action Complaint, have been intentional and willful, and as such a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

92.     Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and other similarly situated members of the Putative SM Collective.

93.     As a result of Defendant's violations of the FLSA, Plaintiffs and all other similarly situated members of the Putative SM Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

94.     As a result of the unlawful acts of Defendant, Plaintiffs and other similarly situated members of the Putative SM Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
**Ohio Minimum Wage Act: Unpaid Overtime**
**(On behalf of Plaintiff Hafley and the Ohio Class)**

95.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

96.     At all times relevant, Plaintiff Hafley and the members of the Ohio Class have been employees and Defendant has been an employer within the meaning of the Ohio Wage Laws.  Plaintiff Hafley and the members of the Ohio Class are covered by the Ohio Wage Laws.

97.     The overtime wage provision set forth in O.R.C. §§ 4111.03 *et seq.* applies to the Defendant.

98.     Defendant employed Plaintiff Hafley and the members of the Ohio Class as an employer in Ohio.

99.     Defendant failed to pay Plaintiff Hafley and the members of the Ohio Class wages

to which they are entitled under the Ohio Wage Laws. Defendant failed to pay Plaintiff Hafley and the members of the Ohio Class for overtime at a wage rate of one and one-half times their regular rates of pay.

100.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Hafley and the Ohio Class members, but required Plaintiff Hafley and the members of the Ohio Class to work more than forty hours a week without overtime pay.

101.    Due to Defendant's intentional and willful violations of the Ohio Wage Laws, Plaintiff Hafley and the members of the Ohio Class are entitled to recover from the Defendant their unpaid wages and an additional amount equal to twice the unpaid or underpaid wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law pursuant to the Ohio Wage Laws.

<strong><u>THIRD CAUSE OF ACTION</u></strong><br>
<strong>Kentucky Wage Laws: Unpaid Overtime</strong><br>
<strong>(On behalf of Plaintiff McCaw and the Kentucky Overtime Class)</strong>

102.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

103.    At all times relevant, Plaintiff McCaw and the members of the Kentucky Overtime Class have been employees and Defendant has been an employer within the meaning of the Kentucky Wage Laws. Plaintiff McCaw and the members of the Kentucky Overtime Class are covered by the Kentucky Wage Laws.

104.    The overtime wage provision set forth in K.R.S. §§ 337.010 *et seq.* applies to the Defendant.

105.    Defendant employed Plaintiff McCaw and the members of the Kentucky Overtime Class as an employer in Kentucky.

106.    Defendant failed to pay Plaintiff McCaw and the members of the Kentucky Overtime Class wages to which they are entitled under the Kentucky Wage Laws. Defendant failed to pay Plaintiff McCaw and the members of the Kentucky Overtime Class for overtime at

19

a wage rate of one and one-half times their regular rates of pay.

107.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff McCaw and the Kentucky Overtime Class members, but required Plaintiff McCaw and the members of the Kentucky Overtime Class to work more than forty hours a week without overtime pay.

108.    Due to Defendant's intentional and willful violations of the Kentucky Wage Laws, Plaintiff McCaw and the members of the Kentucky Overtime Class are entitled to recover from the Defendant their unpaid wages and an additional amount equal to twice the unpaid or underpaid wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law pursuant to the Kentucky Wage Laws.

## FOURTH CAUSE OF ACTION
### Kentucky Wage Laws: Failure to Provide Meal and Rest Breaks
### (On behalf of Plaintiff McCaw and the Kentucky Meal and Rest Break Class)

109.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

110.    At all times relevant, Plaintiff McCaw and the members of the Kentucky Meal and Rest Break Class have been employees and Defendant has been an employer within the meaning of the Kentucky Wage Laws. Plaintiff McCaw and the members of the Kentucky Meal and Rest Break Class are covered by the Kentucky Wage Laws.

111.    The meal break provision set forth in K.R.S. §§ 337.355 *et seq.* applies to the Defendant.

112.    The rest break provision set forth in K.R.S. §§ 337.365 *et seq.* applies to the Defendant.

113.    Defendant employed Plaintiff McCaw and the members of the Kentucky Meal and Rest Break Class as an employer in Kentucky.

114.    Defendant failed to provide Plaintiff McCaw and the members of the Kentucky

Meal and Rest Break Class meal and rest breaks to which they are entitled under the Kentucky Wage Laws.

115.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff McCaw and the Kentucky Meal and Rest Break Class  members.

116.    Due to Defendant's intentional and willful violations of the Kentucky Wage Laws, Plaintiff McCaw and the members of the Kentucky Meal and Rest Break Class are entitled to recover from the Defendant all relief as provided by law pursuant to the Kentucky Wage Laws.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the Putative SM Collective.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.    Unpaid overtime pay, and an additional and equal amount as liquidated damages, pursuant to the FLSA supporting United States Department of Labor regulations, and state laws;

C.    Pre-judgment interest and post-judgment interest as provided by federal and state laws;

D.    Appropriate equitable, declaratory, and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E.    A reasonable service award for the Plaintiffs to compensate them for the time and effort they have spent protecting the interests of other SMs, and the risks they have undertaken.

F.    Certification of the Ohio and Kentucky claims in this action as class actions;

G.    Designation of Plaintiff Hafley as Ohio Class Representative and Plaintiff McCaw as Kentucky Overtime Class Representative and Kentucky Meal and Rest Break Class

Representative;

      H.      An award of all other damages, appropriate statutory penalties, and restitution to be paid by Defendant according to Ohio and Kentucky law according to proof;

      J.      Attorneys' fees and costs of the action; and

      K.      Such other legal and equitable relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: March 25, 2021                    Respectfully submitted,

                                  s/ Drew Legando

Drew Legando (0084209)
MERRIMAN LEGANDO WILLIAMS & KLANG, LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@merrimanlegal.com

*Trial Attorney*

Justin M. Swartz*
Christopher M. McNerney*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: jms@outtengolden.com
E-mail: cmcnerney@outtengolden.com

Mikael Rojas*
OUTTEN & GOLDEN LLP
601 Massachusetts Avenue NW, Suite 200W
Washington, D.C. 20001
Telephone: (202) 847-4400
Facsimile (646) 509-2008
mrojas@outtengolden.com

Gregg Shavitz*
Camar Jones*
SHAVITZ LAW GROUP, P.A.
951 Yamato Rd, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
E-mail: gshavitz@shavitzlaw.com
E-mail: cjones@shavitzlaw.com

*Pro hac vice application forthcoming

Attorneys for Plaintiffs and the putative Collective and Classes